1  **DeConcini McDonald Yetwin & Lacy, P.C.**
2  7310 North 16th Street, Suite 330
3  Phoenix, Arizona 85020
4  Phone: 602-282-0500
5  Fax: 602-282-0520
6  Direct line: 602-282-0472
7
8  **Lawrence D. Hirsch, #004982**
9  Attorney For Debtor
10
11              UNITED STATES BANKRUPTCY COURT
12
13              IN AND FOR THE DISTRICT OF ARIZONA
14
15  In Re:                          )      In Proceedings Under Chapter 11
16                                  )
17  CARL BRAUNAGEL,                 )      Case No. 2-09-bk-22874-RTB
18                                  )
19                                  )      DEBTOR'S PLAN OF REORGANIZATION
20           Debtor                 )
21                                  )
22  _____)
23
24                      TABLE OF CONTENTS

25  ARTICLE I.      Definitions..................................................................................4

26  ARTICLE II.     Designation of Classes of Claims and Interests...........................3

27                  Class 1: Creditors Holding Administrative Claims........................4

28                  Class 2-37: Creditors Holding Secured Claims.............................4

29                      Class 2: Bank of America...............................................5

30                      Class 3: Intentionally Omitted.......................................6
31                      Class 4: Bank of America...............................................6
32                      Class 5: Bank of America...............................................6
33                      Class 6: Chase Bank.....................................................6
34                      Class 7: Chase Bank.....................................................7
35                      Class 8: Chase Bank.....................................................7
36                      Class 9: Chase Home Finance........................................7
37                      Class 10: Citi Mortgage...............................................8
38                      Class 11: Colson Empire State Bank .............................8
39                      Class 12: Country Wide Home Loans............................8
40                      Class 13: Country Wide Home Loans ..........................9
41                      Class 14: Country Wide Home Loans............................9

                                1

Class 15: Country Wide Home Loans ..................................................10
Class 16: Everhome Mortgage..........................................................10
Class 17: Federal Trust Bank...........................................................10
Class 18: Fifth Third Bank................................................................11
Class 19: Fifth Third Bank................................................................11
Class 20: Fifth Third Bank................................................................11
Class 21: Fifth Third Bank................................................................12
Class 22: Ford Motor Credit.............................................................12
Class 23: GMAC Mortgage..............................................................12
Class 24: Homecomings Financial...................................................13
Class 25: M &T Bank......................................................................13
Class 26: National City Mortgage....................................................13
Class 27: National City Mortgage....................................................14
Class 28: Saxon Mortgage..............................................................14
Class 29: Seacoast Bank.................................................................14
Class 30: Sun Trust Bank................................................................15
Class 31: Sussex Bank....................................................................15
Class 32: Wachovia Bank................................................................15
Class 33: Washington Mutual Bank..................................................16
Class 34: Wells Fargo Bank.............................................................16
Class 35: Wells Fargo Bank.............................................................16
Class 36: Wells Fargo Bank.............................................................17
Class 37: Wells Fargo Bank.............................................................17

Class 38: Executory Contracts.........................................................17

Class 39: General Unsecured Creditors............................................17

ARTICLE III.    Provisions Respecting the Unimpaired Classes of Claims................18
Class 1: Administrative Expenses....................................................18
Class 6: Chase Bank.......................................................................18
Class 10: Citi Mortgage..................................................................18
Class 11: Colson Empire State Bank................................................19
Class 25: M &T Bank......................................................................19
Class 31: Sussex Bank....................................................................19
Class 33: Washington Mutual Bank..................................................19
Class 38: Executory Contracts ........................................................19

ARTICLE IV.    Provisions Respecting the Impaired Classes of Claims...................20
Class 2: Bank of America................................................................20
Class 4: Bank of America................................................................20
Class 5: Bank of America................................................................20
Class 7: Chase Bank.......................................................................21
Class 8: Chase Bank.......................................................................21
Class 9: Chase Home Finance.........................................................21

Class 12: Country Wide Home Loans................................................22

2

           Class 13: Country Wide Home Loans....................................22
           Class 14: Country Wide Home Loans....................................23
           Class 15: Country Wide Home Loans ...................................23
           Class 16: Everyhome Mortgage..........................................23
           Class 17: Federal Trust Bank.............................................24
           Class 18: Fifth Third Bank.................................................24
           Class 19: Fifth Third Bank.................................................24
           Class 20: Fifth Third Bank.................................................24
           Class 21: Fifth Third Bank.................................................25
           Class 22: Ford Motor Company..........................................26
           Class 23: GMAC Mortgage................................................26
           Class 24: Homecomings Financial......................................26
           Class 26: National City Mortgage.......................................27
           Class 27: National City Mortgage.......................................27
           Class 28: Saxon Mortgage................................................27
           Class 29: Seacoast Bank...................................................28
           Class 30: Sun Trust Bank..................................................28
           Class 32: Wachovia Bank..................................................29
           Class 34: Wells Fargo Bank...............................................29
           Class 35: Wells Fargo Bank...............................................29
           Class 36: Wells Fargo Bank...............................................30
           Class 37: Wells Fargo Bank...............................................30
           Class 39: General Unsecured Creditors................................30

ARTICLE V.     Source of Payments............................................................31

ARTICLE VI.    Provisions for Execution of the Plan Which May Affect, Alter
or Modify the Rights of All Classes and Claimants............................31

ARTICLE VII.   Disputed Claims; Objection to Claims; Avoiding Actions............................34

ARTICLE VIII.  Means for Execution of Plan.............................................35

ARTICLE IX.    Modification of Plan Prior to the Order of Confirmation.............................35

ARTICLE X.     Retention of Jurisdiction.....................................................36

The above named Debtor, Carl Braunagel, proposes the following Plan of Reorganization with creditors pursuant to 11 U.S.C. Section 1121(a).

ARTICLE I

DEFINITIONS

A. "Bankruptcy Code" means the United States Bankruptcy Code as set forth in Title 11, United States Code (11 U.S.C. Section 101 et. seq.), and as would be effective to a case filed on February 14, 1995.

B. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Arizona.

C. "Debtor" mean Carl Braunagel who is the Debtor-In-Possession in these Chapter 11 proceedings

D. "Effective Date" of Plan means 60 days following the day on which an order of the Bankruptcy Court confirming the Plan is entered, provided that no stay of the order is then in effect (whether or not an appeal from the order has been taken).

E. "Plan Distribution Date" means 60 days after the effective date, unless extended by the Bankruptcy Court.

F. "Order of Confirmation" means the order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

G. "Plan" means this Plan of Reorganization and all modifications and amendments which may subsequently be made, either by Debtor or by order of the Court, pursuant to Section 1127 of the Bankruptcy Code.

H. " Carl Braunagel" means the Debtor in these Chapter 11 proceedings.

I. All other terms not specifically defined above shall have those meanings ascribed by the Bankruptcy Code.

ARTICLE II

DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

Holders of all claims, as defined in 11 U.S.C. Section 101(4) against Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts, shall be bound by the provisions of this Plan and are hereby classified below:

A.      Classes of Claims and Interests

The Plan divides the creditors into 39 classes.  The classes under the Plan are described below:

1.      Class 1:  Creditors Holding Administrative Claims

4

Debtor has employed DeConcini, McDonald, Yetwin and Lacy ("DeConcini") as General Counsel for the Debtor-in-Possession. DeConcini received a retainer of $25,000.00 from the personal funds of Debtor. To the extent that unencumbered funds are available to pay administrative expenses, counsel shall be paid from the estate. Counsel shall be paid only after fees are approved by the Court after Notice and Hearing. Debtor believes they are current on post-petition taxes. Debtor does not believe that they are indebted to the Office of the United States Trustee for any post-petition quarterly fee obligations. To the extent that such fees are unpaid, they shall be paid no later than the effective date of the Order Confirming Debtor's Chapter 11 Plan of Reorganization. DeConcini has not filed its first Fee Application but will do so prior to the hearing on the Disclosure Statement. To the extent that the retainer paid by Debtor is not adequate to cover all fees incurred by DeConcini, Debtor and DeConcini will make suitable arrangements for the payment of any unpaid fees due at the time of Confirmation of the Plan. Debtor has recently filed an Application to employ an accountant. That accountant will be paid after notice and hearing of the Court. Any and all fees due for other outside professionals shall be paid in full by Debtor, either upon the effective date of confirmation of the Plan or pursuant to an agreement reached between the Debtor and the Claim holder or upon an Order approving the fees, if unencumbered funds are present. Debtor shall remain current in required filings of monthly operating reports and post-Confirmation reports as well as payment of quarterly fees until the case is closed. Payment of allowed Administrative Expenses shall be made from the cash flow of Debtor's business operations and/or the liquidation of Debtor's assets. Debtor shall promptly pay all fees due the Office of the United States Trustee.

    2.   <u>Class 2-37: Creditors Holding Secured Claims</u>

    a.   <u>Class 2: Bank of America:</u>  Bank of America ("B of A") holds a first lien position on Debtor's investment property located at 5835 La Privada, Cottonwood, Az. The amount due B of A is approximately 459,000 and the fair market value of the

property is $435,000.  Debtor shall bifurcate the lien of B of A into secured and unsecured portions.  Debtor shall pay the secured portion of the claim at 5% interest with payments amortized over 480 months with a balloon payment due of all remaining principal on the secured portion of the claim 96 months after the Plan Distribution Date.  Monthly payments on the secured portion of the claim will be $2,097.56.  The balance of the claim shall be treated as a general unsecured claim under Class 39 of the Plan.    B of A is impaired.

      b.    <u>Class 3-intentionally omitted</u>

      c.    <u>Class 4:  Bank of America:</u>  Bank of America ("B of A") holds a second lien Deed of Trust on the Debtor's investment property located at 570 Sawmill Gardens, Cottonwood, Az..  Debtor believes that B of A is totally unsecured.  The property is worth approximately $135,000 and is encumbered by a first lien in favor of Everhome in the amount of $153,000.  Debtor shall file a complaint under 11 U.S.C. §506 to set aside the lien of B of A.  B of A shall be treated as a general unsecured claim under Class 39 of the plan.  B of A is impaired.

      d.    <u>Class 5:  Bank of America</u>  Bank of America ("B of A")has a first lien on Debtor's investment real estate located at Lot 80 Oak Creek Canyon, Az.  The property is worth approximately $296,000 and is encumbered by a lien in favor of B of A in an amount of approximately $351,000.    Debtor shall bifurcate B of A's claim into a secured and unsecured portion.  The secured portion of the claim shall be paid at an interest rate of 5% annual interest with payments amortized over 480 months with a balloon payment of all remaining principal due, on the secured portion of the claim, 96 months after the Plan Distribution Date.    The unsecured portion of the claim shall be treated as a General Unsecured Claim under Class 39 of the Plan.  Monthly payments on the secured portion of the claim will be $1,427.30, commencing on the Plan Distribution Date.    B of A is impaired on this claim.

      e.    <u>Class 6:  Chase Bank:</u>  Chase Bank ("Chase") has a second lien on Debtor's investment real estate located at 68 River Rd. Montague, NJ.  The property is

worth approximately $457,000. Chase's lien is fully secured. Debtor intends to continue to make regular monthly payments as specified in the Promissory Note. There are no arrears due Chase and Chase is unimpaired on this claim.

f.    Class 7 Chase Bank: Chase Bank ("Chase") holds a first lien on Debtor's investment property located at 811 Assembly Court, Reunion, Fla.. Debtor believes that the property is worth approximately $163,000 and the debt due Chase on this claim is approximately $376,000. Debtor shall bifurcate the Chase claim on this property into secured and unsecured portions. The secured portion of the claim shall be paid 5% interest, amortized over 480 months with a balloon payment of all remaining principal on the secured portion of the claim due on the 96th month after the Plan Distribution Date. The remaining balance due Chase on this claim shall be treated as a general unsecured claim under Class 39 of the Plan. Monthly payments on the secured portion of the claim will be $785.98, with payments commencing on the Plan Distribution Date. Chase is impaired on this claim.

g.    Class 8: Chase Bank: Chase Bank (Chase) holds a second lien on Debtor's investment property located at 811 Assembly Court, Reunion, Fla. Debtor believes that the property is worth approximately $163,000 and the debt due Chase on this claim is approximately $19,000. Debtor shall file a Complaint pursuant to 11 U.S.C. §506 to avoid the lien held by Chase on this property. The entire balance due Chase shall be treated as a general unsecured claim under Class 39 of the Plan. No payment shall be made to Chase on account of its claim as a secured creditor for this lien. Chase is impaired on this claim.

h.    Class 9: Chase Home Finance: Chase Home Finance (CHF) holds a first lien on Debtor's' investment property located at 7651 Q 104 S. Whisper Way, Reunion, Fla. The amount due CHF is approximately $540,000 and Debtor believes that the property is worth $220,000. Debtor shall surrender the property to CHF, which may pursue any and

all rights available to it under Applicable State Law to foreclose on the property. To the extent that applicable state law permits CHF to seek a deficiency claim, that claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to CHF on account of its secured claim. CHF is impaired on this claim.

       i.    <u>Class 10: Citi Mortgage:</u>  Citi Mortgage (Citi) holds a first lien on Debtor's residence located at 2625 S. Anica, Cottonwood, Az. Debtor believes that Citi is fully secured and Debtor intends to continue to make regular monthly payments to Citi as specified in the Promissory Note. There are no arrears due Citi and Citi is unimpaired on this claim.

       j.    <u>Class 11: Colson Empire State Bank:</u>  Colson Empire State Bank (Colson) holds a first lien on Debtor's investment property located at 10 Sussex St., Port Jarvis, NJ. The property is worth approximately $375,000 and the debt due Colson is approximately $72,000. Colson is fully secured and Debtor intends to maintain regular monthly payments on the property as specified in the Promissory Note secured by the Colson lien. There are no arrears due Colson on this claim and Colson is unimpaired on this claim.

       k.    <u>Class 12 Country Wide Home Loans:</u>  Country Wide Home Loans (Country Wide) holds a first lien on Debtor's investment property located at 637 Lake Beulah Cove, Winter Garden, Fla. The amount due Country Wide is approximately $430,000 and the property is worth $375,000. Debtor shall bifurcate the claim of Country Wide on this property into secured and unsecured portions. The secured portion of the claim shall be paid interest at 5% with a 480 month amortization schedule with a balloon payment due 96 months after the Plan Distribution Date, at which time all remaining

principal due on the secured portion of the claim shall be paid. The unsecured portion of the claim shall be treated as a general unsecured claim in Class 39 of the Plan. Monthly payments on the secured portion of the claim will be $1,808.24, with payments commencing on the Plan Distribution Date. Country Wide is impaired on this claim.

l.    Class 13: Country Wide Home Loans:  Country Wide Home Loans (Country Wide) holds a first lien on Debtor's investment property located at 14724 Peekskill Dr. Winter Garden, Fla.  The amount due Country Wide is $233,000 and the property is worth $156,000. Debtor shall bifurcate Country Wide's claim into secured and unsecured portions.  The secured portion of the claim shall be paid interest at a rate of 5% with a 480 month amortization schedule with a balloon payment due of all remaining principal on the secured portion of the claim on the 96th months after the Plan Distribution Date.  The unsecured portion of the claim shall be treated as a general unsecured claim under Class 39 of the Plan.  Monthly payments on the secured portion of the claim will be $752.23, with payments commencing on the Plan Distribution Date.  Country Wide is impaired on this claim.

m.    Class 14:  Country Wide Home Loans:  Country Wide Home Loans (Country Wide) holds a first lien of Debtor's investment property located at 1352 Center Court Ridge, Reunion, Fla.  The amount due to Country Wide is approximately $384,000.00 and the fair market value of the property is $220,000.00.  Debtor shall bifurcate the claim of Country Wide into secured and unsecured portions.  The secured portion of the claim shall be paid at 5% interest, amortized over 480 months with all principal on the secured portion of the claim due 96 months after the Plan Distribution Date.  Monthly payments on the secured portion of the claim will be $1,060.83.  The balance of the claim shall be treated

as a general unsecured claim under Class 39 of the Plan.  Country Wide is impaired.

n.  **Class 15:  Country Wide Home Loan:**  Country Wide Home Loan (Country Wide) holds a second lien on Debtor's investment property located at 1356 Center Court Ridge, Reunion, Fla.  The amount due Country Wide is $96,000.00.   The property is also encumbered by a first lien in favor of Saxon Mortgage in the amount of $326,000.  Debtor believes that the fair market value of the property is $220,000.00. Debtor shall file a complaint pursuant to 11 U.S.C. §506 to set aside the lien of Country Wide.  The claim of Country Wide shall be treated as a general unsecured claim under Class 39 of the Plan.  Country Wide is impaired on this claim..

o.  **Class 16  Everhome Mortgage:**  Everhome Mortgage (Everhome) holds a first lien on Debtor's  investment property located at 570 Sawmill Gardens, Cottonwood, Az.  The debt due to Everhome is approximately $153,000.00 and the value of the property is $135,000.00.  Debtor shall bifurcate Everhome's claim into secured and unsecured portions.  The secured portion of the claim shall be paid  at a rate of 5% interest with a 480 month amortization schedule with all remaining principal on the secured portion of the claim due 96 months after the Plan Distribution date.  The remaining portion of Everhome's claim shall be paid as a General Unsecured Claim under Class 39 of the Plan. Monthly payments on the secured portion of the claim shall be $650.97 with payments commencing on the Plan Distribution Date.   Everhome is impaired on its claim.

p.  **Class 17: Federal Trust Bank:**  Federal Trust Bank (Federal) holds a first lien on Debtor' investment property located at 13485 Daniels Land, Winter Garden, Fla. The amount due to Federal is approximately $143,000.00 and the fair market value of the property is $80,000.00.  Debtor shall surrender the property to Federal, which may

take any and all action authorized under applicable State Law to foreclose on its lien. To the extent that applicable State Law permits Federal to seek a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the plan. No payments shall be made to Federal on account of its secured claim. Federal is impaired on its claim.

q. <u>Class 18: Fifth Third Bank:</u> Fifth Third Bank (Fifth) holds a first lien on Debtor's investment property located at Lot 22 Bella Colina, Monte Verde, Fla. The property is worth $50,000 and Fifth is owed approximately $500,000 on its claim. Debtor shall surrender the property to Fifth, which may pursue any and all remedies available to it under applicable State law to foreclose on its lien. To the extent that applicable State Law permits a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Fifth on account of its secured claim. Fifth is impaired on its claim.

r. <u>Class 19: Fifth Third Bank:</u> Fifth Third Bank (Fifth) holds a first lien on Debtor's investment property located at Lot 6 Bella Collina, Monte Verde, Fla. The property is worth approximately $15,000 and the amo0unt due Fifth is approximately $630,000. Debtor shall surrender the property to Fifth, which may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits Fifth to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Fifth on account of its secured claim. Fifth is impaired on its claim.

s. <u>Class 20: Fifth Third Bank:</u> Fifth Third Bank (Fifth) holds a first lien on Debtor's investment property located at 845 Assembly Court, Reunion, Fla. The debt due Fifth is approximately $245,800 and the property has a fair market value of $163,000.

Debtor intends to keep this property and shall bifurcate the claim of Fifth into secured and unsecured portions. The secured portion of the claim shall be paid interest at a rate of 5% per annum and shall be paid based upon a 480 month amortization schedule with a payment of all remaining principal on the secured portion of the claim due on the 96th month after the Plan Distribution Date. The remaining balance due Fifth shall be treated as a general unsecured claim under Class 39 of the Plan. Monthly payments on the secured portion of the claim shall be $785.98, with payments commencing on the Plan Distribution Date. Fifth is impaired on its claim.

      t.     <u>Class 21: Fifth Third Bank</u>: Fifth Third Bank (Fifth) holds a first lien position on Debtor's investment property located at 13339 Daniels Land, Winter Garden, Fla. The debt due Fifth is approximately $143,000 and the property has a fair market value of $80,000. Debtor shall surrender the property to Fifth, which may pursue any and all remedies available to it under applicable State Law to foreclose on its lien. To the extent that applicable State Law permits Fifth to pursue a deficiency claim, that claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Fifth on account of its secured claim. Fifth is impaired on its claim.

      u.     <u>Class 22: Ford Motor Credit</u>: Ford Motor Credit (Ford) has a line on Debtor's 2006 Ford Expedition. The amount due Ford is approximately $22,000 and the fair market value of the vehicle is $18,000. Debtor shall bifurcate the claim into secured and unsecured portions. The secured portion of the claim shall be paid in 60 equal monthly payments of $339.68, based upon 5% interest. The remaining portion of the claim shall be treated as a general unsecured claim under Class 39 of the Plan.

      v.     <u>Class 23: GMAC Mortgage</u>: GMAC Mortgage (GMAC) holds a first lien

on Debtor's investment property located at 7651 Q 102 S. Whisper Way, Reunion, Fla. The amount due GMAC is approximately $415,000 and the property has a fair market value of $220,000. Debtor shall surrender the property and GMAC may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits GMAC to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to GMAC on account of its secured claim. GMAC is impaired.

      w.    <u>Class 24: Homecomings Financial:</u>    Homecomings Financial (Homecomings) holds a second lien on Debtor's investment property located at 7651 Q 102 S. Whisper Way, Reunion, Fla. The amount due Homecomings is $135,000, in addition to the $415,000 owed GMAC. The property has a fair market value of $220,000. Debtor shall surrender the property and Homecomings may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits Homecomings to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Homecomings on account of its secured claim. Homecomings is impaired.

      x.    <u>Class 25: M & T Bank:</u>  M & T Bank holds a third lien on Debtor's investment property locate4d at 10 Sussex Street, Port Jervis, N.J. M & T is also secured by assets owned by Debtor's business and the business makes the payment on the note. That business shall continue to make the payments. M & T is unimpaired.

      y.    <u>Class 26: National City Mortgage:</u>  National City Mortgage (National) holds a first lien on Debtor's investment property located at 1228 Castle Pines, Lot 131, Reunion, Fla. The amount due National is $337,000 and the property has a fair market

value of $50,000. Debtor shall surrender the property and National may take any and all action authorized under applicable State Law to foreclose its lien. To the extent that applicable State Law permits National to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to National on account of its secured claim. National is impaired.

z. <u>Class 27: National City Mortgage:</u> National City Mortgage (National) holds a first lien on Debtor's investment property located at 953 Desert Mountain, Lot 56, Reunion, Fla. The amount due National is $396,000 and the property has a fair market value of $50,000. Debtor shall surrender the property and National may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits National to seek a deficiency, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to National on account of its secured claim. National is impaired.

aa. <u>Class 28: Saxon Mortgage:</u> Saxon Mortgage (Saxon) holds a first lien on Debtor's investment property located at 1356 Center Court Ridge, Reunion, Fla. The amount due Saxon is approximately $336,000 and the property has a fair market value of $220,000. Debtor shall bifurcate the claim of Saxon into secured and unsecured portions. The secured portion of the claim shall be paid at a rate of 5% interest over 480 months with a balloon payment due of all remaining principal on the secured portion of the claim on month 96 after the Plan Distribution Date. Monthly payments on the secured portion of the claim will be $1,060.83. The balance of the unsecured claim shall be treated as a general unsecured claim under Class 39 of the Plan.. Saxon is impaired.

bb. <u>Class 29: Seacoast Bank:</u> Seacoast Bank (Seacoast) holds a first lien on

Debtor's investment property located at 17123 E. Truscan Lane, Monte Verde, Fla. Seacoast is owed approximately $2,700,000 and the property has a fair market value of $1,760,000. Debtor shall surrender the property and Seacoast may take any and all remedies available to it under applicable State Law to foreclose its lien. Seacoast also has a judgment against Debtor, which can only be collected from Debtor's sole and separate property. Debtor has little, if any, sole and separate property which would be available to satisfy the judgment claim of Seacoast. To the extent that applicable State Law authorizes Seacoast to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Seacoast on account of its secured claim. Seacoast is impaired.

cc. <u>Class 30: Sun Trust Bank:</u> Sun Trust Bank (Sun Trust) holds a first lien on Debtor's investment property located at Lot 176 Bella Collina, Monte Verde, Fla. The amount due Sun Trust is $623,000 and the property has a fair market value of $10,000. Debtor shall surrender the property and Sun Trust may pursue any and all remedies available to it under applicable State Law to pursue a foreclosure of its lien. To the extent that applicable State Law permits Sun Trust to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Sun Trust on account of its secured claim. Sun Trust is impaired.

dd. <u>Class 31: Sussex Bank:</u> Sussex Bank (Sussex) holds a second lien on Debtor's investment property located at 10 Sussex Street, Port Jervis, NJ. Debtor believes that Sussex is fully secured and Debtor shall maintain regular payments on the Promissory Note. Sussex is unimpaired.

ee. <u>Class 32: Wachovia Bank:</u> Wachovia Bank (Wachovia) holds a first

lien on Debtor's investment property located at Lot 432 Bella Collina, Monte Verde, Fla. The amount due Wachovia is $1,475,000 and the property has a fair market value of $10,000. Debtor shall surrender the property and Wachovia may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law authorizes Wachovia to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wachovia on account of its secured claim. Wachovia is impaired.

ff. <u>Class 33: Washington Mutual Bank:</u> Washington Mutual Bank (WaMu) holds a first lien on Debtor's investment property located at 68 River Road, Montague, NJ. Debtor believes that WaMu is fully secured and Debtor shall continue to make regular monthly payments as specified in the Promissory Note. There are no arrears due WaMu and WaMu is unimpaired.

gg. <u>Class 34: Wells Fargo Bank:</u> Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 845 Assembly Court, Reunion, Fla. The property is also encumbered by a senior lien in favor of Fifth Third Bank in the amount of $245,000. The property has a fair market value of $163,000. Debtor intends to retain the property and shall file a Complaint under 1 U.S.C. §506 to set aside the lien of Wells. Wells shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wells on account of its secured claim. Wells is impaired.

hh. <u>Class 35: Wells Fargo Bank:</u> Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 1352 Center Court Ridge, Reunion, Fla. Debtor believes that the property is worth less than what is owed to the senior lien holder, Country Wide Mortgage. Debtor shall file a complaint under 11 U.S.C. §506 to set aside the

lien. Wells shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wells on account of its secured claim. Wells is impaired.

ii:   **Class 36: Wells Fargo Bank:**  Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 13339 Daniels Land, Winter Garden, Fla. The amount due Wells is $73,000 and is junior to a lien in favor of Fifth Third Bank. Debtor intends to surrender the property and Wells may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits Wells to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payment shall be made to Wells on account of its secured claim. Wells is impaired.

jj.   **Class 37: Wells Fargo Bank:**  Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 13485 Daniels Land, Winter Garden, Fla. The amount due Wells is $70,000 and is junior to a lien in favor of Federal Trust Bank. Debtor intends to surrender the property and Wells may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law authorizes Wells to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wells on account of its secured claim. Wells is impaired.

3.   **Class 38:  Executory Contracts:**  Debtor shall assume all leases with his tenants.

4..   **Class 39: General Unsecured Creditors**

Payments to General Unsecured Creditors (all others to whom Debtor owes money, including tax penalties and the unsecured portion of the claims of creditors in

Classes 2-37) shall commence after payment of Administrative Claims.. General Unsecured Creditors shall be paid pro rata, a total of $246,700.00, plus interest at the rate of 5%. Payment shall be made without interest on claims. Debtor believes that General Unsecured Claims shall be paid their pro rata share within one hundred twenty (120) months of the Plan Distribution Date.

ARTICLE III

PROVISIONS RESPECTING THE UNIMPAIRED CLASSES OF CLAIMS

1. Class 1: Administrative Expenses: The holders of claims for unpaid Administrative Expenses incurred by the Debtor during the course of the Chapter 11 case (including the actual and necessary expenses for preserving the estate, such as unpaid attorney's fees) estimated in the aggregate to be approximately $25,000.00, will be paid in full commencing either the Plan Distribution Date or upon the allowance of the claim by the Bankruptcy Court, whichever is later, or at such other time as is mutually agreeable to the claimant and the Debtor. Claims for post-petition taxes, if any, and unpaid Quarterly Fees due the office of the United States Trustee shall be paid immediately when due.

2. Class 6: Chase Bank: Chase Bank ("Chase") has a second lien on Debtor's investment real estate located at 68 River Rd. Montague, NJ. The property is worth approximately $457,000. Chase's lien is fully secured. Debtor intends to continue to make regular monthly payments as specified in the Promissory Note. There are no arrears due Chase and Chase is unimpaired on this claim.

3. Class 10: Citi Mortgage: Citi Mortgage (Citi) holds a first lien on Debtor's residence located at 2625 S. Anica, Cottonwood, Az. Debtor believes that CIti is fully secured and Debtor intends to continue to make regular monthly payments to Citi as specified in the Promissory Note. There are no arrears due Citi and Citi is unimpaired on

1  this claim.

2      4.    <u>Class 11: Colson Empire State Bank:</u>  Colson Empire State Bank

3  (Colson) holds a first lien on Debtor's investment property located at 10 Sussex St., Port

4  Jarvis, NJ. The property is worth approximately $375,000 and the debt due Colson is

5  approximately $72,000. Colson is fully secured and Debtor intends to maintain regular

6  monthly payments on the property as specified in the Promissory Note secured by the

7  Colson lien. There are no arrears due Colson on this claim and Colson is unimpaired on this

8  claim.

9      5.    <u>Class 25: M & T Bank:</u>  M & T Bank holds a third lien on Debtor's

10  investment property locate4d at 10 Sussex Street, Port Jervis, NJ. M & T is also secured by

11  assets owned by Debtor's business and the business makes the payment on the note. That

12  business shall continue to make the payments. M & T is unimpaired.

13      6.    <u>Class 31: Sussex Bank:</u>  Sussex Bank (Sussex) holds a second lien on

14  Debtor's investment property located at 10 Sussex Street, Port Jervis, N.J. Debtor believes

15  that Sussex is fully secured and Debtor shall maintain regular payments on the Promissory

16  Note. Sussex is unimpaired

17      7.    <u>Class 33: Washington Mutual Bank:</u>  Washington Mutual Bank

18  (WaMu) holds a first lien on Debtor's investment property located at 68 River Road,

19  Montague, NJ. Debtor believes that WaMu is fully secured and Debtor shall continue to

20  make regular monthly payments as specified in the Promissory Note. There are no arrears

21  due WaMu and WaMu is unimpaired.

22      8.    <u>Class 38: Executory Contracts:</u> Debtor shall assume all leases with his

23  tenants.

# ARTICLE IV

## PROVISIONS RESPECTING THE IMPAIRED CLASSES OF CLAIMS

1.    Bank of America Class 2: Bank of America:  Bank of America ("B of A") holds a first lien position on Debtor's investment property located at 5835 La Privada, Cottonwood, Az.  The amount due B of A is approximately 459,000 and the fair market value of the property is $435,000. Debtor shall bifurcate the lien of B of A into secured and unsecured portions. Debtor shall pay the secured portion of the claim at 5% interest with payments amortized over 480 months with a balloon payment due of all remaining principal on the secured portion of the claim 96 months after the Plan Distribution Date. Monthly payments on the secured portion of the claim will be $2,097.56.  The balance of the claim shall be treated as a general unsecured claim under Class 39 of the Plan.    B of A is impaired

2.    Class 4:  Bank of America:  Bank of America ("B of A") holds a second lien Deed of Trust on the Debtor's investment property located at 570 Sawmill Gardens, Cottonwood, Az.. Debtor believes that B of A is totally unsecured.  The property is worth approximately $135,000 and is encumbered by a first lien in favor of Everhome in the amount of $153,000. Debtor shall file a complaint under 11 U.S.C. §506 to set aside the lien of B of A.  B of A shall be treated as a general unsecured claim under Class 39 of the plan.  B of A is impaired.

3. Bank of America Class 5:  Bank of America (B of A) has a first lien on Debtor's investment real estate located at Lot 80 Oak Creek Canyon, Az.  The property is worth approximately $296,000 and is encumbered by a lien in favor of B of A in an amount of approximately $351,000.    Debtor shall bifurcate B of A's claim into a secured and unsecured portion. The secured portion of the claim shall be paid at an interest rate of 5% annual interest with payments amortized over 480 months with a balloon payment of all remaining principal due, on the secured portion of the claim, 96 months after the Plan

Distribution Date.  The unsecured portion of the claim shall be treated as a General Unsecured Claim under Class 39 of the Plan.  Monthly payments on the secured portion of the claim will be $1,427.30, commencing on the Plan Distribution Date.   B of A is impaired on this claim.

2.   <u>Class 7: Chase Bank:</u>  Chase Bank ("Chase") holds a first lien on Debtor' investment property located at 811 Assembly Court, Reunion, Fla.  Debtor believes that the property is worth approximately $163,000 and the debt due Chase on this claim is approximately $376,000.  Debtor shall bifurcate the Chase claim on this property into secured and unsecured portions.   The secured portion of the claim shall be paid 5% interest, amortized over 480 months with a balloon payment of all remaining principal on the secured portion of the claim due on the 96th month after the Plan Distribution Date.  The remaining balance due Chase on this claim shall be treated as a general unsecured claim under Class 39 of the Plan.   Monthly payments on the secured portion of the claim will be $785.98, with payments commencing on the Plan Distribution Date. Chase is impaired on this claim.

3.   <u>Class 8: Chase Bank:</u>  Chase Bank (Chase) holds a second lien on Debtor's investment property located at 811 Assembly Court, Reunion, Fla.  Debtor believes that the property is worth approximately $163,000 and the debt due Chase on this claim is approximately $19,000.  Debtor shall file a Complaint pursuant to 11 U.S.C. §506 to avoid the lien held by Chase on this property.  The entire balance due Chase shall be treated as a general unsecured claim under Class 39 of the Plan.  No payment shall be made to Chase on account of its claim as a secured creditor for this lien.  Chase is impaired on this claim.

4.   <u>Class 9: Chase Home Finance:</u>  Chase Home Finance (CHF) holds a first lien on Debtor's investment property located at 7651 Q 104 S. Whisper Way, Reunion, Fla. The amount due CHF is approximately $540,000 and Debtor believes that the property is

worth $220,000. Debtor shall surrender the property to CHF, which may pursue any and all rights available to it under Applicable State Law to foreclose on the property. To the extent that applicable state law permits CHF to seek a deficiency claim, that claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to CHF on account of its secured claim. CHF is impaired on this claim

5. <u>Class 12: Country Wide Home Loans:</u> Country Wide Home Loans (Country Wide) holds a first lien on Debtor's investment property located at 637 Lake Beulah Cove, Winter Garden, Fla. The amount due Country Wide is approximately $430,000 and the property is worth $375,000. Debtor shall bifurcate the claim of Country Wide on this property into secured and unsecured portions. The secured portion of the claim shall be paid interest at 5% with a 480 month amortization schedule with a balloon payment due 96 months after the Plan Distribution Date, at which time all remaining principal due on the secured portion of the claim shall be paid. The unsecured portion of the claim shall be treated as a general unsecured claim in Class 39 of the Plan. Monthly payments on the secured portion of the claim will be $1,808.24, with payments commencing on the Plan Distribution Date. Country Wide is impaired on this claim.

6. <u>Class 13: Country Wide Home Loans:</u> Country Wide Home Loans (Country Wide) holds a first lien on Debtor's investment property located at 14724 Peekskill Dr. Winter Garden, Fla. The amount due Country Wide is $233,000 and the property is worth $156,000. Debtor shall bifurcate Country Wide's claim into secured and unsecured portions. The secured portion of the claim shall be paid interest at a rate of 5% with a 480 month amortization schedule with a balloon payment due of all remaining principal on the secured portion of the claim on the 96th months after the Plan Distribution

Date. The unsecured portion of the claim shall be treated as a general unsecured claim under Class 39 of the Plan. Monthly payments on the secured portion of the claim will be $752.23, with payments commencing on the Plan Distribution Date. Country Wide is impaired on this claim.

7. <u>Class 14: Country Wide Home Loans:</u> Country Wide Home Loans (Country Wide) holds a first lien of Debtor's investment property located at 1352 Center Court Ridge, Reunion, Fla. The amount due to Country Wide is approximately $384,000.00 and the fair market value of the property is $220,000.00. Debtor shall bifurcate the claim of Country Wide into secured and unsecured portions. The secured portion of the claim shall be paid at 5% interest, amortized over 480 months with all principal on the secured portion of the claim due 96 months after the Plan Distribution Date. Monthly payments on the secured portion of the claim will be $1,060.83. The balance of the claim shall be treated as a general unsecured claim under Class 39 of the Plan. Country Wide is impaired.

8. <u>Class 15: Country Wide Home Loan:</u> Country Wide Home Loan (Country Wide) holds a second lien on Debtor's investment property located at 1356 Center Court Ridge, Reunion, Fla. The amount due Country Wide is $96,000.00. The property is also encumbered by a first lien in favor of Saxon Mortgage in the amount of $326,000. Debtor believes that the fair market value of the property is $220,000.00. Debtor shall file a complaint pursuant to 11 U.S.C. §506 to set aside the lien of Country Wide. The claim of Country Wide shall be treated as a general unsecured claim under Class 39 of the Plan. Country Wide is impaired on this claim..

9. <u>Class 16: Everhome Mortgage:</u> Everhome Mortgage (Everhome)

holds a first lien on Debtor's investment property located at 570 Sawmill Gardens, Cottoonwood, Az. The debt due to Everhome is approximately $153,000.00 and the value of the property is $135,000.00. Debtor shall bifurcate Everhome's claim into secured and unsecured portions. The secured portion of the claim shall be paid at a rate of 5% interest with a 480 month amortization schedule with all remaining principal on the secured portion of the claim due 96 months after the Plan Distribution date. The remaining portion of Everhome's claim shall be paid as a General Unsecured Claim under Class 39 of the Plan. Monthly payments on the secured portion of the claim shall be $650.97 with payments commencing on the Plan Distribution Date. Everhome is impaired on its claim.

10. <u>Class 17: Federal Trust Bank:</u> Federal Trust Bank (Federal) holds a first lien on Debtor's investment property located at 13485 Daniels Land, Winter Garden, Fla. The amount due to Federal is approximately $143,000.00 and the fair market value of the property is $80,000.00. Debtor shall surrender the property to Federal, which may take any and all action authorized under applicable State Law to foreclose on its lien. To the extent that applicable State Law permits Federal to seek a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the plan. No payments shall be made to Federal on account of its secured claim. Federal is impaired on its claim.

11. <u>Class 18: Fifth Third Bank:</u> Fifth Third Bank (Fifth) holds a first lien on Debtor's investment property located at Lot 22 Bella Colina, Monte Verde, Fla. The property is worth $50,000 and Fifth is owed approximately $500,000 on its claim. Debtor shall surrender the property to Fifth, which may pursue any and all remedies available to it under applicable State law to foreclose on its lien. To the extent that applicable State Law permits a deficiency claim, such claim shall be treated as a general unsecured claim under

Class 39 of the Plan. No payments shall be made to Fifth on account of its secured claim. Fifth is impaired on its claim.

12. <u>Class 19: Fifth Third Bank</u>: Fifth Third Bank (Fifth) holds a first lien on Debtor's investment property located at Lot 6 Bella Collina, Monte Verde, Fla. The property is worth approximately $15,000 and the amo0unt due Fifth is approximately $630,000. Debtor shall surrender the property to Fifth, which may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits Fifth to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Fifth on account of its secured claim. Fifth is impaired on its claim.

13. <u>Class 20: Fifth Third Bank</u>: Fifth Third Bank (Fifth) holds a first lien on Debtor's investment property located at 845 Assembly Court, Reunion, Fla. The debt due Fifth is approximately $245,800 and the property has a fair market value of $163,000. Debtor intends to keep this property and shall bifurcate the claim of Fifth into secured and unsecured portions. The secured portion of the claim shall be paid interest at a rate of 5% per annum and shall be paid based upon a 480 month amortization schedule with a payment of all remaining principal on the secured portion of the claim due on the 96th month after the Plan Distribution Date. The remaining balance due Fifth shall be treated as a general unsecured claim under Class 39 of the Plan. Monthly payments on the secured portion of the claim shall be $785.98, with payments commencing on the Plan Distribution Date. Fifth is impaired on its claim.

14. <u>Class 21: Fifth Third Bank</u>: Fifth Third Bank (Fifth) holds a first lien position on Debtor's investment property located at 13339 Daniels Land, Winter Garden,

Fla. The debt due Fifth is approximately $143,000 and the property has a fair market value of $80,000. Debtor shall surrender the property to Fifth, which may pursue any and all remedies available to it under applicable State Law to foreclose on its lien. To the extent that applicable State Law permits Fifth to pursue a deficiency claim, that claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Fifth on account of its secured claim. Fifth is impaired on its claim.

15. <u>Class 22: Ford Motor Credit:</u> Ford Motor Credit (Ford) has a line on Debtor's 2006 Ford Expedition. The amount due Ford is approximately $22,000 and the fair market value of the vehicle is $18,000. Debtor shall bifurcate the claim into secured and unsecured portions. The secured portion of the claim shall be paid in 60 equal monthly payments of $339.68, based upon 5% interest. The remaining portion of the claim shall be treated as a general unsecured claim under Class 39 of the Plan.

16. <u>Class 23: GMAC Mortgage:</u> GMAC Mortgage (GMAC) holds a first lien on Debtor's investment property located at 7651 Q 102 S. Whisper Way, Reunion, Fla. The amount due GMAC is approximately $415,000 and the property has a fair market value of $220,000. Debtor shall surrender the property and GMAC may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits GMAC to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to GMAC on account of its secured claim. GMAC is impaired.

17. <u>Class 24: Homecomings Financial:</u> Homecomings Financial (Homecomings) holds a second lien on Debtor's investment property located at 7651 Q 102 S. Whisper Way, Reunion, Fla. The amount due Homecomings is $135,000, in addition to

the $415,000 owed GMAC. The property has a fair market value of $220,000. Debtor shall surrender the property and Homecomings may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits Homecomings to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Homecomings on account of its secured claim. Homecomings is impaired.

18. <u>Class 26: National City Mortgage:</u> National City Mortgage (National) holds a first lien on Debtor's investment property located at 1228 Castle Pines, Lot 131, Reunion, Fla. The amount due National is $337,000 and the property has a fair market value of $50,000. Debtor shall surrender the property and National may take any and all action authorized under applicable State Law to foreclose its lien. To the extent that applicable State Law permits National to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to National on account of its secured claim. National is impaired.

19 <u>Class 27: National City Mortgage:</u> National City Mortgage (National) holds a first lien on Debtor's investment property located at 953 Desert Mountain, Lot 56, Reunion, Fla. The amount due National is $396,000 and the property has a fair market value of $50,000. Debtor shall surrender the property and National may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits National to seek a deficiency, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to National on account of its secured claim. National is impaired.

20. <u>Class 28: Saxon Mortgage:</u> Saxon Mortgage (Saxon) holds a first lien

on Debtor's investment property located at 1356 Center Court Ridge, Reunion, Fla. The amount due Saxon is approximately $336,000 and the property has a fair market value of $220,000. Debtor shall bifurcate the claim of Saxon into secured and unsecured portions. The secured portion of the claim shall be paid at a rate of 5% interest over 480 months with a balloon payment due of all remaining principal on the secured portion of the claim on month 96 after the Plan Distribution Date. Monthly payments on the secured portion of the claim will be $1,060.83. The balance of the unsecured claim shall be treated as a general unsecured claim under Class 39 of the Plan.. Saxon is impaired.

21. <u>Class 29: Seacoast Bank:</u> Seacoast Bank (Seacoast) holds a first lien on Debtor's investment property located at 17123 E. Truscan Lane, Monte Verde, Fla. Seacoast is owed approximately $2,700,000 and the property has a fair market value of $1,760,000. Debtor shall surrender the property and Seacoast may take any and all remedies available to it under applicable State Law to foreclose its lien. Seacoast also has a judgment against Debtor, which can only be collected from Debtor's sole and separate property. Debtor has little, if any, sole and separate property which would be available to satisfy the judgment claim of Seacoast. To the extent that applicable State Law authorizes Seacoast to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Seacoast on account of its secured claim. Seacoast is impaired.

22. <u>Class 30: Sun Trust Bank:</u> SunTrust Bank (SunTrust) holds a first lien on Debtor's investment property located at Lot 176 Bella Collina, Monte Verde, Fla. The amount due SunTrust is $623,000 and the property has a fair market value of $10,000.

Debtor shall surrender the property and SunTrust may pursue any and all remedies available to it under applicable State Law to pursue a foreclosure of its lien. To the extent that applicable State Law permits SunTrust to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to SunTrust on account of its secured claim. SunTrust is impaired.

23. <u>Class 32; Wachovia Bank:</u> Wachovia Bank (Wachovia) holds a first lien on Debtor's investment property located at Lot 432 Bella Collina, Monte Verde, Fla. The amount due Wachovia is $1,475,000 and the property has a fair market value of $10,000. Debtor shall surrender the property and Wachovia may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law authorizes Wachovia to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wachovia on account of its secured claim. Wachovia is impaired.

24. <u>Class 34: Wells Fargo Bank:</u> Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 845 Assembly Court, Reunion, Fla. The property is also encumbered by a senior lien in favor of Fifth Third Bank in the amount of $245,000. The property has a fair market value of $163,000. Debtor intends to retain the property and shall file a Complaint under 1 U.S.C. §506 to set aside the lien of Wells. Wells shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wells on account of its secured claim. Wells is impaired.

25. <u>Class 35: Wells Fargo Bank:</u> Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 1352 Center Court Ridge, Reunion, Fla. Debtor believes that the property is worth less than what is owed to the senior lien holder,

Country Wide Home Loan. Debtor shall file a complaint under 11 U.S.C. §506 to set aside the lien. Wells shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wells on account of its secured claim. Wells is impaired.

26. <u>Class 36: Wells Fargo Bank:</u> Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 13339 Daniels Land, Winter Garden, Fla. The amount due Wells is $73,000 and is junior to a lien in favor of Fifth Third Bank. Debtor intends to surrender the property and Wells may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law permits Wells to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payment shall be made to Wells on account of its secured claim. Wells is impaired.

27. <u>Class 37: Wells Fargo Bank:</u> Wells Fargo Bank (Wells) holds a second lien on Debtor's investment property located at 13485 Daniels Land, Winter Garden, Fla. The amount due Wells is $70,000 and is junior to a lien in favor of Federal Trust Bank. Debtor intends to surrender the property and Wells may pursue any and all remedies available to it under applicable State Law to foreclose its lien. To the extent that applicable State Law authorizes Wells to pursue a deficiency claim, such claim shall be treated as a general unsecured claim under Class 39 of the Plan. No payments shall be made to Wells on account of its secured claim. Wells is impaired.

28. <u>Class 39: General Unsecured Claims:</u> Payments to General Unsecured Creditors, shall commence after payment of Administrative Claims, or sooner if funds permit. General Unsecured Creditors shall be paid pro rata, up to a total of $246,700.00,

plus 5% interest.  Payment shall be made without interest on claims. Debtor believes that General Unsecured Claims shall be paid their pro rata share within one hundred twenty (120) months of the Plan Distribution Date.

ARTICLE V

SOURCE OF PAYMENTS

The source of payment to claimants shall be from the net cash flow of Debtor. Net cash flow for Debtor shall be calculated as follows and shall equal:

1) Gross cash receipts received by Debtor, less

2) Ordinary and reasonable personal living expenses,

3) Operating and business expenses for Debtor's operation, if any; and

4) Payment for administrative expenses and post-confirmation expenses due to professional persons such as attorneys, accountants and appraisers.

Debtor shall make payments to General Unsecured Creditors after completion of payments for Administrative Expenses and post confirmation expenses. If funds are available, Debtor will make payments to Class 39 simultaneously with these other payments discussed above.  Payments will be based upon available funds and will be made until a total payout of $246,700.00, with interest at 5%, is made to Class 39 creditors. Debtor anticipates that payments to Class 39 creditors will be completed within 120 months of the Plan Distribution Date.  Payments shall cease when the $246,700, plus 5% interest is paid in full.

ARTICLE VI

PROVISIONS FOR EXECUTION OF THE PLAN WHICH MAY AFFECT, ALTER, OR MODIFY THE RIGHTS OF ALL CLASSES AND CLAIMANTS

A.    As of the Plan Distribution Date, Debtor shall comply with its obligation to file post-confirmation quarterly reports and pay any required post-confirmation fees to the United States Trustee.

B.    As of the Plan Distribution Date, all of the property of the estate of Debtor

31

shall be deemed transferred vested in Debtor, all such property shall no longer be considered property of the estate as defined in 11 U.S.C. § 541 and all such property shall be free and clear of liens, claims of interest of creditors accepted as specifically provided for in this Plan.

C. Upon confirmation, all claims and causes of action of Debtor against other entities, including rights of Debtor-In-Possession under Chapter 11 of the Bankruptcy Code to recover any preference, transfer assets, or damage, shall vest in Debtor.

D. After the Plan Distribution Date, Debtor shall continue his business and manage his affairs without supervision of the Bankruptcy Court and may enter into such agreements and transfer, convey and encumber, use and lease its assets as it deems appropriate under the circumstances without the requirement of seeking approval from the Bankruptcy Court, but nothing in this provision shall impair liens and encumbrances which a holder has retained pursuant to the express terms of this Plan. The distributions to holders of claims described in this Plan are minimum distributions only and Debtor shall have the right and discretion at all times to make full and partial prepayments without penalty. When a Plan calls for a number of equal payments, the amount of the payment shall be calculated assuming that payments are made on the first of the month when due and include interest amortized at the applicable rate. All payments to creditors under this Plan shall be applied first to interest and then to principal. Prepayment of payments may, therefore, reduce the amount of the final payment or reduce the number of payments otherwise due under the Plan and late payments may increase the number of payments otherwise required by the Plan.

E. Upon the Plan Distribution Date, unless a stay has been entered relating to the order of confirmation, the order for automatic stay described in 11 U.S.C. § 362(a) shall terminate; provided, however, except as otherwise expressly specified herein, that all creditors and claimants shall be enjoined from continuing with or commencing with any action or proceeding against Debtor, the community property of Debtor, if any, and the

1 Non-Debtor spouse, or guarantors of Debtor without further order of the Bankruptcy
2 Court.

3     All distributions of money under the Plan which are returned by the post office
4 undelivered or which cannot be delivered due to lack of current address shall be retained
5 by Debtor in trust for the distributee; after the expiration of six months from the date of the
6 first attempted distribution, the unclaimed monies and all distributions will vest in Debtor,
7 free of any claim of the distributee.

8     F.   Except as expressly specified herein, no creditor or claimant, whether
9 secured, unsecured, priority or non-priority shall be entitled to any fine, penalty exemplary
10 or punitive damage, late charge, default interest or any other monetary charge relating to
11 or arising from any default deemed disallowed whether or not an objection is filed thereto.
12 Unsecured creditors shall not be entitled to interest on their claims, whether or not
13 provided for in any agreements, from and after the commencement of the case, unless
14 otherwise expressly provided for in this Plan and shall not be entitled to any cost, expense
15 or attorney's fees.

16     G.   Pursuant to 11 U.S.C. § 1141(a), notwithstanding 11 U.S.C. § 506(d) and
17 except as provided for in 11 U.S.C. § 1141(d)(2) and (d)(3), upon confirmation of the Plan,
18 the provisions of the Plan will bind Debtor, any entity issuing securities under the Plan, any
19 entity acquiring property under the Plan, any creditor or equity security holder, whether or
20 not the claim or interest of such creditor is impaired under the Plan and whether or not
21 such creditor or equity security holder has accepted the Plan or filed a Proof of Claim.

22     H.   All claims of a lien in any of Debtor's personal property shall be deemed
23 released, terminated and withdrawn, unless the creditor claiming a lien has filed a timely,
24 formal and proper Proof of claim with the Bankruptcy Court setting forth the basis and
25 extent of the lien.

26     I.   Upon payment of sums provided under the Plan, all claims of any creditor of
27 Debtor arising prior to the confirmation of the Plan against Debtor and any of his then

former, present or future shareholders and agents shall be wholly released and discharged, and any actions or proceedings against said shareholders and agents of Debtor, including any judgment and judgment liens, shall be terminated, relinquished and released.

J.    Debtor's obligation to make any payment under this Plan may be discharged to the extent that such payment is made by any entity that is liable with Debtor on or has secured the claim or the right to payment giving rise to Debtor's obligation. If any entity that is liable to a creditor as a result of a pre-petition claim against Debtor, voluntarily or involuntarily, makes a payment on such claim, the entity shall be subrogated to the rights of Debtor subject to the limitations of 11 U.S.C. § 509(c). In the alternative, if the claim arises out of Debtor's failure to pay a tax out of an administrative expense claim against the estate or out of a claim which is secured by the property of the estate or of Debtor, the Debtor may but shall not be required to reimburse the entity for such payment.

ARTICLE VII

DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; AVOIDING ACTIONS

Debtor, his attorneys or any party in interest may file, prior to the Plan distribution to date, (a) an objection to any claim, or (b) a motion to determine the extent, priority or amount of any secured or other claim. Copies of all objections or motions must be served at the same time upon Debtor's attorney:

> LAWRENCE D. HIRSCH
> DECONCINI  MCDONALD YETWIN & LACY, P.C.
> 7310 NORTH 16TH STREET, SUITE 330
> PHOENIX, ARIZONA 85020

Debtor and  his attorney may file at any time prior, up to 2 years after the effective date, any action to recover or set aside any preference, transfer, assets or damages or to set aside any lien or encumbrance to which they may be entitled under the Bankruptcy Code. Any such objection, motion or action not filed and served within such time shall be deemed waived. If any claim, right interest, privilege or lien is objected to or has been challenged by adversary proceeding, contested matter, objection or otherwise, or if an order is entered

34

staying the Order of Confirmation, any payments that are otherwise due to the claimant pending such objection shall be reserved in interest-bearing accounts and set aside sufficient to satisfy the claim as filed by the claimant or as scheduled by Debtor. Said accounts shall be segregated, federally insured, interest-bearing accounts not subject to set-off by the holder of the then financial institution holding the funds. No later than 30 days following the date of the entry of a final, nonappealable order resolving each disputed or objectionable claim, or upon the expiration of all stays of the Order of Confirmation, the reserved payments, plus interest earned thereon, shall be distributed to the claimant or retained by Debtor, as the case may be, in accordance with the terms and conditions of the order resolving such disputed claim and this plan.

ARTICLE VIII

MEANS FOR EXECUTION OF PLAN

Debtor shall commence making payments under this Plan 60 days after the Effective Date of confirmation of this Plan. Payment shall be made monthly and shall be based upon the available net proceeds, as that term is defined hereinabove. Monthly payments shall continue until all creditors have been paid in accordance with the terms and conditions of Debtor's confirmed Plan of Reorganization. In the event, Debtor has insufficient net proceeds in any given month to make the prescribed payment such payment shall be deferred and Debtor shall make such payment as deferred plus any additional interest incurred as a result of the deferral. Monthly payments shall continue until all creditors have been paid as contemplated under the terms and conditions of Debtor's confirmed Plan of Reorganization.

ARTICLE IX

MODIFICATION OF PLAN PRIOR TO THE ORDER OF CONFIRMATION

Debtor may propose amendments or modification of the Plan in accordance with 11 U.S.C., Section 1127(a). After confirmation, Debtor may amend this Plan in the manner

provided for by 11 U.S.C. § 1127(b). The Bankruptcy Court may comment at any time, so long as it does not affect the interest of the creditors, remedy any defects or omissions or reconcile any inconsistencies in the Plan or in the Order of Confirmation in such manner as may be necessary to carry out the purpose and effect of this Plan.

## ARTICLE X

### RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, until the final allowance or disallowance of all claims affected by the Plan, and with respect to the following matters:

A.    To adjudicate all proceedings which Debtor may bring prior to 2 years after the filing date to set aside liens or encumbrances, and to recover any preferences, transfers, assets or damages to which it may be entitled under applicable provisions of the Bankruptcy Code or other federal, state or local law;

B.    To adjudicate all controversies concerning the classification, allowance or estimation of any claim or equity security interest;

C.    To hear and determine all claims arising from the rejection of any executory contracts, including leases, and to approve the rejection and termination with respect to any executory contracts as to which an application for rejection or termination is filed prior to the entry of the Order of Confirmation;

D.    To liquidate and determine the amount of damages in connection with any disputed, contingent or unliquidated claims;

E.    To adjudicate claims to a security interest, ownership or other interest in any property of Debtor or in any proceeds thereof;

F.    To resolve any disputes regarding the interpretation of the Plan;

G.    To modify the Plan as may be necessary pursuant to the Bankruptcy Code;

H.    To adjudicate all claims or controversies arising out of any purchases, sales, obligations or contracts, made or undertaken by Debtor or complete during the pendency

of the proceedings;

I.    To recover all assets and properties of Debtor, wherever located, including any excessive or erroneous payments made to creditors, or in connection with leases or contracts; and

J.    To make such orders as are necessary or appropriate to carry out the provisions of this Plan.

Respectfully submitted this 10th day of September 2009,

DECONCINI MCDONALD YETWIN & LACY, P.C.

/s/ Lawrence D. Hirsch, #004982
Lawrence D. Hirsch
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorney for Debtor

Approved:

Carl Braunagel

A copy of the foregoing was mailed
this ___th day of September 2009 to:

Mailing Matrix

By: /s/ Linda Miernik
Legal Assistant to Lawrence D. Hirsch
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Phone: 602-282-0473